UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY BLACKMAN,

    Plaintiff,

v.

T. VARIZ, etc.; et al.,

    Defendants.

    /

No. C 06-6398 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Tony Blackman, an inmate at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. This action is now before the court for review of the pleadings pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Blackman originally filed his complaint in the Eastern District of California. The action was transferred to the Northern District because the complaint concerned acts and omissions at Salinas Valley State Prison, in Monterey County, within the venue of the Northern District of California. When the action was received in this district, on October 13, 2006, the court sent Blackman a notice that his in forma pauperis application was incomplete in that it did not have a certificate of funds or an inmate trust account statement for the last six months. Blackman filed an in forma pauperis application on November 13, 2006 without the trust account statement or the certificate of funds. He also filed an amended complaint on November 13, 2006.

Normally, an amended complaint supersedes the original complaint. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") It is necessary to discuss both the original complaint and the amended complaint to understand Blackman's problem.

The original complaint alleges that prison officials refused to process Blackman's administrative appeals. The amended complaint alleges that the inmate appeals coordinator refused to process Blackman's recent inmate appeal concerning the in forma pauperis application this court ordered him to file. The attachments to the amended complaint show that he filed an inmate appeal on October 19, 2006 and it was promptly dismissed as duplicative. The rejection form also had a handwritten note directing Blackman to "comply with original screen out. I sent you O.P. # 2 showing you how to proceed with your 'in forma pauperis' -- you continue to ignore my instructions. Appeal is rejected." The amended complaint does not allege that Blackman complied with the prison's established procedure (i.e., O.P. # 2) to obtain the materials needed for an in forma pauperis application.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

2

violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint and the amended complaint do not state a claim upon which relief may be granted. First, there is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prisons. California Code of Regulations, title 15 sections 1073 and 3084.1 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Blackman had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to process the appeal in a particular way therefore did not amount to a violation of his right to due process.

Second, the failure to process Blackman's inmate grievance or his request for the trust account statement and certificate of funds needed for his in forma pauperis request did not result in a denial of access to the courts because he did not suffer any actual injury as a result of the alleged misconduct of prison officials. A constitutional right of access to the courts does exist, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the

3

prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982). Here, no actual injury had occurred at the time of the filing of the complaint or the amended complaint. This court had not dismissed this action based on Blackman's failure to submit the required inmate trust account materials or to exhaust administrative remedies. In fact, the deadline for filing the inmate trust account materials (i.e., thirty days after the October 13, 2006 notice from this court) had not even passed when Blackman filed his amended complaint in which he complained that prison officials had not provided him with the requested material.

Finally, the exhibits attached to the amended complaint indicate that Blackman's failure to obtain the materials needed for the in forma pauperis application was due to his refusal to follow standard operating policy rather than misbehavior by the prison officials. The attachments indicate that Blackman insisted on using the inmate appeal system to obtain the materials despite the prison officials' direction to him that he had to follow "O.P. # 2." If there was a standard operating policy at the prison to obtain a trust account statement or certificate of funds, the prisoner must follow it absent extraordinary circumstances. If the prison policy was that a trust account statement or certificate of funds could not be obtained through the inmate appeals system, it was inexplicable why the plaintiff continued to pursue that route. The claim for denial of access to the courts is dismissed without leave to amend.

**CONCLUSION**

For the foregoing reasons, neither the complaint nor the amended complaint state a claim upon which relief may be granted. Leave to amend will not be granted because it would be futile. This action is dismissed. The in forma pauperis application is DENIED. (Docket # 2 and # 4.) The clerk shall close the file.

IT IS SO ORDERED.

Dated: December 18, 2006

_____
SUSAN ILLSTON
United States District Judge